UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

R‍ONALD D‍AVID M‍C‍C‍ALISTER‍,

   Movant,

v.

   No. 4:22-cv-0791-P
   (No. 4:20-cr-0059-P)

U‍NITED S‍TATES OF A‍MERICA‍,

   Respondent.

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Ronald David McCalister, Movant, to vacate, set aside, or correct sentence under to 28 U.S.C. § 2255 by a person in federal custody. The Court, having considered the motion, the response, the record, and applicable authorities, concludes that the motion must be **DENIED**.

## BACKGROUND

The record in the underlying criminal case reflects the following:

On February 27, 2020, Movant was named in a one-count information charging him with enticement of a child, in violation of 18 U.S.C. § 2422(b). CR ECF No.[1] 12. Movant and his counsel signed a waiver of indictment. CR ECF No. 14. They also signed a factual resume, CR ECF No. 15, and a plea agreement. CR ECF No. 17. The factual resume set forth the penalty Movant faced, the elements of the offense, and the stipulated facts establishing that Movant had committed the offense. CR ECF No. 15. The plea agreement likewise set forth the penalty Movant faced and cautioned that his sentence was wholly within the Court's discretion. CR ECF No. 17. The plea agreement contained a waiver of the right to appeal except in limited circumstances and reflected that Movant had thoroughly reviewed all the legal and factual

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:20-cr-0059-P.

aspects of the case with his attorney and was fully satisfied with the representation provided. *Id.* At arraignment, Movant testified under oath to the facts establishing that his plea and waiver of right to appeal were knowing, voluntary, and intelligent. CR ECF No. 43.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 28. CR ECF No. 24, ¶ 25. He received a two-level enhancement for use of an interactive computer service. *Id.* ¶ 26. He received a Chapter Four enhancement. *Id.* ¶ 31. He received a two-level and a one-level adjustment for acceptance of responsibility. *Id.* ¶¶ 32, 33. Based on a total offense level of 34 and a criminal history category of V, his guideline imprisonment range was 235 to 293 months. *Id.* ¶ 79. Movant filed objections, CR ECF No. 28, and the probation officer prepared an addendum to the PSR. CR ECF No. 30.

The Court sentenced Movant to a term of imprisonment of 235 months. CR ECF No. 38. The Court explained that even if the guideline calculations were not correct, the same sentence would have been imposed:

> The sentence here today was determined in part based on the criminal history category of this defendant. Although the defendant's conviction of sexual assault of a child under the age of 14 occurred several years ago, even when taking that outside of account . . . this defendant would still have a criminal history category of III. He's had convictions in addition to that case of theft of property on two occasions and forgery of a financial instrument, which he was arrested for but no case was filed.
>
> The Court weighed these factors with the factors listed in Section 3553(a), including especially the need to protect the public from additional crimes and promote respect for the law in determining the sentence.

CR ECF No. 44 at 15–16.

Movant filed a notice of appeal despite having waived the right to do so. CR ECF No. 40. The United States Court of Appeals for the Fifth Circuit found that the plea bargain barred his appeal and dismissed it. *United States v. McCalister*, 850 F. App'x 277 (5th Cir. 2021). The United

States Supreme Court denied Movant's petition for writ of certiorari. *McCalister v. United States*, 142 S. Ct. 731 (2021).

## GROUND OF THE MOTION

Movant asserts one ground in support of his motion, contending that he received ineffective assistance of counsel because his attorney failed to object to the career offender enhancement. ECF No.[2] 1 at 7; ECF No. 2.

## APPLICABLE LEGAL STANDARDS

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164–65 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

B.  **Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, a movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

Movant complains that his counsel failed to object to the application of the career offender enhancement under USSG § 4B1.5(a). ECF No. 2. He says that counsel should have argued that his prior Texas conviction for aggravated sexual assault of a child does not qualify as a "sex offense conviction" as it is categorically overbroad and could not be used to increase his base offense level. *Id.* Movant raised the same issue—that the enhancement was improperly applied—on appeal and it was rejected. *McCalister*, 850 F. App'x at 278 (stating that even if the Court used a "miscarriage of justice" exception to the enforcement of an appeal waiver, Movant had not shown that his challenge should be allowed to proceed). Arguably, the ground is foreclosed here, *Moore*, 598 F.2d at 441, but Movant cannot prevail in any event.

4

Counsel fails to provide effective assistance where he fails to make solid, meritorious arguments based on directly controlling precedent." *United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009). Counsel has no general duty to anticipate changes in the law. *Id.* Here, Movant fails to identify any directly controlling precedent in support of his claim. In fact, the Fifth Circuit has not decided whether a conviction under Texas's aggravated sexual assault statute qualifies as a categorical "sex offense conviction" under § 4B1.5. *United States v. Cook*, No. 21-10387, 2022 WL 175546, at *1 (5th Cir. Jan. 18, 2022), *cert. denied*, 142 S. Ct. 2792 (2022). Counsel's failure to raise a novel argument regarding an unsettled legal question is not ineffective assistance. *Jones v. Davis*, 673 F. App'x 369, 375 n.54 (5th Cir. 2016).

Further, the Texas statute at issue, TEX. PENAL CODE § 22.021, is divisible, so the modified categorical approach applies. *See Salinas v. United States*, No. 3:17-CV-1864-N-BT, 2018 WL 6933150, at *8 (N.D. Tex. Nov. 29, 2018), *rec. accepted*, 2019 WL 112611 (N.D. Tex. Jan. 4, 2019); *see also United States v. Figueroa-Vargas*, 827 F. App'x 731 (9th Cir. 2020). Accordingly, the Court may review the documents supporting Movant's conviction, including his judicial confession. *Shepard v. United States*, 544 U.S. 13, 16 (2005).

In his signed judicial confession, Movant pled guilty to the "offense as alleged as well as *all lesser included offenses*." ECF No. 11, Ex. B (emphasis added).[3] Indecency with a child is a lesser included offense of Texas aggravated sexual assault of a child. *Evans v. State*, 299 S.W.3d 138, 143 (Tex. Crim. App. 2009). The Fifth Circuit has affirmed the application of USSG § 4B1.5 where the defendant was previously convicted under Texas law for indecency with a child. *United States v. Mills*, 843 F.3d 210 (5th Cir. 2016). Where a lesser included offense qualifies under § 4B1.5, so does the offense of conviction. *See United States v. Smith*, 928 F.3d 714, 717 (8th Cir. 2019). Any objection to the application of the enhancement would have been futile. Thus, failure to raise the objection cannot have constituted deficient performance. *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998).

---

[3] The government notes that the conviction documents were supplemented to the record on appeal, which may be why the Fifth Circuit determined that there had been no miscarriage of justice in his case. ECF No. 11 at 8, n.2.

5

Finally, even if Movant could show deficient performance, he cannot show prejudice. In order to show prejudice, Movant must demonstrate that he would have received a lesser sentence but for counsel's alleged ineffective assistance. *United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 2004). Here, the Court clearly expressed by detailed reasons that the same sentence would be imposed even had the guideline range been improperly calculated. *Molina-Martinez v. United States*, 578 U.S. 189, 200–01 (2016); *Cook*, 2022 WL 175546, at *2.

## CONCLUSION

For the reasons discussed, Movant's motion is **DENIED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **23rd day** of **February 2023.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE